IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**DANIEL MATTHEW KITTSON**,<br><br>Defendant. | Case No. 3:21-cr-00075-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Natalie K. Wight, United States Attorney, Leah K. Bolstad, Nicole M. Bockelman, and Sarah Barr, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Michael Charles Benson and C. Renée Manes, Assistant Federal Public Defenders, 101 SW Main Street, Suite 1700, Portland, Oregon 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Daniel Matthew Kittson's Motion to Dismiss Count One of the Indictment. ECF 43. On March 9, 2021, a federal grand jury returned an indictment charging Defendant with Illegal Possession and Transfer of a Machine Gun, in violation of 18 U.S.C. § 922(o) ("Count One") and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Two"). ECF 1. Defendant now moves this Court to dismiss Count One of the

1 – ORDER DENYING DEFENDANT'S MOTION TO DISMISS

indictment, arguing that possession of a machinegun[1] is protected by the Second Amendment under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129–30 (2022). Post-*Bruen*, several courts across the country have rejected this argument. This Court joins those decisions and finds that machineguns are not protected by the Second Amendment under *Bruen*. Defendant's motion is DENIED.

## LEGAL STANDARDS

In *District of Columbia v. Heller*, the Supreme Court struck down a District of Columbia law banning possession of handguns in the home. 554 U.S. 570, 635 (2008). In so doing, the Supreme Court concluded that the Second Amendment protects the individual right to bear arms. *Id.* at 625.

Following *Heller*, the Ninth Circuit, adopted a two-step means-end test to assess the constitutionality of firearms regulations. *See Young v. Hawaii*, 992 F.3d 765, 783–84 (9th Cir. 2021) (en banc). But in June 2022, the Supreme Court rejected this test as conflicting with *Heller*. *See Bruen*, 142 S. Ct. at 2131.

Instead, *Bruen* held that courts should analyze Second Amendment challenges as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30.

---

[1] Although Defendant uses both "automatic firearm" and "machinegun" in his briefing, *see generally* ECF 43; ECF 48, for simplicity and consistency, this Court will use the term "machinegun" as referenced in 18 U.S.C. § 922(o), the statute challenged by Defendant. *See also* 26 U.S.C. § 5845(b) (defining machinegun). As stated in the indictment, Defendant is alleged to have knowingly possessed and transferred a machinegun. ECF 1 at 1.

*Bruen*'s step one is a threshold question. It requires a textual analysis to determine whether the challenger is "part of 'the people' whom the Second Amendment protects, whether the weapon at issue is 'in common use' today for self-defense, and whether the 'proposed course of conduct' falls within the Second Amendment." *United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) (quoting *Bruen*, 142 S. Ct. at 2127, 2131–34) (internal quotation marks omitted).

Only if the first step is satisfied does a court proceed to *Bruen*'s step two, which requires the government to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* (quoting *Bruen*, 142 S. Ct. at 2130). The government must "produce representative analogues to demonstrate that the challenged law is consistent with a historical tradition of regulation." *Id.* (quoting *Bruen*, 142 S. Ct. at 2127, 2131–33).

## DISCUSSION

Defendant argues that machineguns are protected by the plain text of the Second Amendment, satisfying *Bruen*'s first step and requiring the government to show that regulating the possession and transfer of machineguns is consistent with this Nation's history and tradition of firearm regulation. ECF 43 at 3–6. Defendant's argument conflicts with *United States v. Henry*, a pre-*Bruen* Ninth Circuit decision which held that machineguns are not arms protected by the Second Amendment. *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012).

Defendant argues that because *Bruen* overruled the previous Ninth Circuit test to determine whether a restriction violates the Second Amendment, this Court may not rely on *Henry* to conclude that the Second Amendment does not protect machineguns. ECF 43 at 6–8. In response, the government argues that *Bruen* did not disturb *Heller*, which the Ninth Circuit relied on in *Henry*. ECF 45 at 3–6. Thus, *Heller* and its progeny, including *Henry*, remain binding on

this Court. *Id.* This Court agrees with the government and finds that *Bruen* did not disturb *Henry*'s holding that machineguns are not protected by the Second Amendment.

"[W]here the reasoning or theory of [a] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," that precedent should be rejected as having been "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citation omitted). "So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (citation omitted).

In clarifying the test for assessing whether modern firearms regulations are consistent with the Second Amendment, *Bruen* stated that its holding is "in keeping with *Heller*." 142 S. Ct. at 2126. Because *Bruen* left *Heller* undisturbed, this Court finds that it can apply *Heller* and Ninth Circuit precedent relying on *Heller* to determine the constitutionality of Section 922(o) without defying *Bruen*.

*Heller* recognized a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." 554 U.S. at 627. The *Heller* Court struck down a law prohibiting handgun possession but noted that the Second Amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *Id.* at 625. Although *Heller* did not specify the types of weapons that qualify as "dangerous and unusual," the Supreme Court suggested that it would be "startling" for the Second Amendment to protect machineguns. *Heller*, 554 U.S. at 624. Relying on *Heller*, the Ninth Circuit in *Henry* held that machineguns are not protected by the Second Amendment because they qualify as "'dangerous and unusual

weapons' that are not 'typically possessed by law-abiding citizens for lawful purposes.'" *Henry*, 688 F.3d at 640 (citing *Heller*, 554 U.S. at 625, 627).

Defendant argues that when *Bruen* overruled the Ninth Circuit's previous Second Amendment test, it also overruled *Henry*. ECF 48 at 6. But in concluding that "machineguns are highly 'dangerous and unusual weapons' that are not 'typically possessed by law-abiding citizens for lawful purposes,'" *Henry* employed the same standard established by *Heller* and confirmed in *Bruen*. *See Henry*, 688 F.3d at 640 (citing *Heller*, 554 U.S. at 625). Because *Heller* was undisturbed by *Bruen,* and *Henry* reached its holding by relying on *Heller*, *Henry* is binding precedent on this Court. *See Close*, 894 F.3d at 1073.

Further, post-*Bruen*, courts in the Ninth Circuit and across the country have rejected challenges to the constitutionality of Section 922(o) by concluding that machineguns are dangerous and unusual weapons not protected by the plain text of the Second Amendment. *See, e.g.*, *Cox v. United States*, No. CR 11-00022RJB, 2023 WL 4203261, at *7 (D. Alaska June 27, 2023); *United States v. Kazmende*, No. 1:22-CR-236-SDG-CCB, 2023 WL 3872209, at *2 (N.D. Ga. May 17, 2023), *report and recommendation adopted*, No. 1:22-CR-00236-SDG, 2023 WL 3867792 (N.D. Ga. June 7, 2023); *United States v. Dixon*, No. 22 CR 140, 2023 WL 2664076, at *3 (N.D. Ill. Mar. 28, 2023); *United States v. Simien*, No. SA-22-CR-00379-JKP, 2023 WL 1980487, at *8 (W.D. Tex. Feb. 10, 2023), *reconsideration denied*, No. SA-22-CR-00379-JKP, 2023 WL 3082358 (W.D. Tex. Apr. 25, 2023).

Following *Bruen*, this Court finds that machineguns remain unprotected by the Second Amendment. Because Defendant has failed to satisfy *Bruen*'s step one, this Court need not proceed to step two and consider Defendant's remaining arguments.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss the Indictment, ECF 43, is DENIED.[2]

**IT IS SO ORDERED**.

DATED this 7th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] Having considered the parties' briefing, this Court has determined that oral argument is unnecessary for disposition of Defendant's motion. *See United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) (stating that no hearing is necessary for a motion to dismiss the indictment when filings show the defendant is not entitled to relief as a matter of law).