IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:21-cr-00075-IM |
| v. | **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE** |
| **DANIEL MATTHEW KITTSON**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, Leah K. Bolstad, Nicole Bockelman, and Sarah Barr, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Michael Charles Benson and C. Renée Manes, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

For the reasons set forth on the record at the pretrial conference on August 10, 2023, and below, this Court addresses the parties' pending motions in limine, ECF 61; ECF 77; ECF 88; ECF 90, Defendant's Motion for Henthorn Disclosures, ECF 76, and Defendant's Motion for Voir Dire by Counsel, ECF 73.

PAGE 1 – ORDER

## LEGAL STANDARDS

"Relevant evidence is admissible unless the constitution, a statute, or the Federal Rules of Evidence provide otherwise." *Bacon v. Dep't of Hum. Servs.*, No. 22-35142, 2023 WL 2755592, at *2 (9th Cir. Apr. 3, 2023) (citing Fed. R. Evid. 402). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and if the fact is of consequence in determining the action. Fed. R. Evid. 401.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). A defendant's other crimes, wrongs, or acts are admissible under Fed. R. Evid. 404(b) for non-character purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"As a general rule, a party is prohibited from introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (citing Fed. R. Evid. 801(c), 802).

**A. Defendant's Motions in Limine**

   **1. Defendant's Motion to Exclude Evidence of Mr. Kittson's Character, Any Other Alleged "Bad Acts," And Any Prior Convictions**

      **a. Evidence of Defendant's Prior Convictions**

GRANTED. The parties are stipulating that as of the date of the charged offense Defendant had been convicted of a crime punishable by a term of imprisonment exceeding one

year and that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Thus, the probative value of evidence of Defendant's prior convictions is substantially outweighed by unfair prejudice under Fed. R. Evid 403. The Government represented to this Court and Defendant that beyond the stipulation, it does not plan to introduce Mr. Kittson's prior convictions as evidence.

    b.  **Other Alleged "Bad Acts"**

GRANTED IN PART AND DENIED IN PART. As stated on the record, the Government has agreed to make various redactions to transcripts and recordings of conversations between Defendant and the undercover agent. During the hearing, this Court also ORDERED the Government make further redactions to these transcripts and recordings where the probative value of the statements is substantially outweighed by unfair prejudice under Fed. R. Evid. 403. Evidence documenting Defendant selling other firearms is admissible as it goes to Defendant's knowledge and familiarity with firearms and absence of mistake under Fed. R. Evid. 404(b)(2). Such statements are also direct relevant evidence of Defendant's willfulness and intent during conversations with the undercover agent, which directly involve the conduct at issue in this case, and are not substantially outweighed by the danger of unfair prejudice. Defendant may propose a limiting instruction to this Court for any other act evidence admitted at trial.

**2. Defendant's Motion to Exclude the Introduction of Hearsay Through Governmental Agents**

DENIED as to the undercover agent's testimony of conversations with a confidential informant regarding the inception of the investigation. These statements are not hearsay under Fed. R. Evid. 801 because they are not introduced for their truth, but to show their effect on the listener.

3. **Defendant's Motion to Exclude Testimony of the Qualifications and Training of Non-Expert Witnesses**

DENIED. Testimony of the qualifications and training of non-expert witnesses is not improper vouching and instead is helpful to the jury to assess the credibility and competence of lay witnesses.

4. **Defendant's Motion to Exclude Any Evidence Not Yet Disclosed or Provided in Discovery from The Government's Case.**

RESERVED RULING. If the Government introduces previously undisclosed evidence at trial other than Defendant's testing of the functionality of the magazine and firearm, this Court will rule on admissibility at that stage.

5. **Defendant's Motion to Exclude Any Late Noticed Additional Expert Opinion**

DENIED. The Government filed its Supplemental Expert Notice, ECF 82, on 8/7/2023, after the 8/1/2023 deadline for summaries of expert testimony as imposed in ECF 8. The Government's Supplemental Notice, ECF 82, focuses on the functionality of magazines and is not untimely because it responds to Defendant's forthcoming testing of the firearm and magazine, ordered by this Court on 8/4/2023 in ECF 79.

6. **Defendant's Motion to Exclude Any Legal Opinions or Opinions on Ultimate Issues by Experts**

DENIED IN PART, RESERVED RULING IN PART. The Government's expert may explain the statutory definition of "firearm" and "machinegun" and whether the firearm at issue is a machinegun according to 26 U.S.C. § 5845(b) because that testimony is helpful to the trier of fact under Fed. R. Evid 702(a). The Court ORDERS the parties to submit supplemental briefing whether this Court may instruct the jury that an operable magazine is not an essential element of

PAGE 4 – ORDER

Count One. The Government's briefing is due Monday 8/14/23 and Defendant's response is due Wednesday 8/16/23.

B. **Government's Motions in Limine**

1. **Motion to Allow the Government to Impeach Defendant with his Parole Status**

    DENIED with leave to renew. Because the jury will already be aware that Defendant has an interest in the outcome of the case if he decides to testify, and that the defendant has felony convictions, the probative value of this evidence is substantially outweighed by unfair prejudice under Fed. R. Evid. 403.

2. **Motion to Exclude Undisclosed Defense Exhibits**

    RESERVED RULING. If Defendant uses undisclosed exhibits in his case-in-chief, this Court will consider the admissibility of the evidence at that stage under Fed. R. Crim. P. 16(b)(1).

3. **Motion to Preclude Defense Expert John Nixon from Testifying to Matters Beyond the Scope of the Limited Defense Notice of Expert Testimony**

    GRANTED. This Court will preclude expert testimony beyond the scope of notice provided under Fed. R. Crim. P. 16(b)(1)(C).

4. **Motion to Exclude Testimony of Dr. Leslie Carter**

    DENIED AS MOOT. Defendant notified the Government and this Court that Dr. Carter will not be called to testify at trial.

5. **Motion to Exclude Explanations of Any Potential Accommodations**

    GRANTED. This Court precludes the parties from explaining Defendant's need for testimonial accommodations. Explaining Defendant's use of real-time transcription may cause the jury to speculate as to the reasons for this accommodation, confusing or misleading the jury

under Fed. R. Evid. 403. During Mr. Kittson's testimony this Court will determine whether the jury needs to be made aware of his use of real-time transcription through a limited in-trial instruction.

6. **Motion to Exclude Defense Use of Misleading Burden of Proof Chart**

GRANTED. This Court finds that the burden of proof chart is misleading and likely confusing to the jury, making it excludable under Fed. R. Evid. 403.

7. **Motion for a Pretrial Rule 104 Preliminary Hearing on Three Defense Witnesses**

RESERVED RULING. This Court has ORDERED supplemental briefing as to whether courts may require a Rule 104 hearing in advance of trial to determine the admissibility of Defendant's lay witness testimony and exhibits. The Government's briefing is due Monday 8/14/23 and the Defendant's response is due Wednesday 8/16/23.

8. **Motion to Exclude Certain Defense Exhibits**

RESERVED RULING. As noted above, this Court has ORDERED supplemental briefing to determine whether this Court may require a Rule 104 hearing in advance of trial to determine the admissibility of Defendant's witnesses and the exhibits the defense would like them to testify about. Defendant must lay the foundation for these exhibits and establish their relevance before these exhibits can be admitted as evidence.

**C. Select Evidentiary Issues**

GRANTED IN PART, DENIED IN PART and RESERVED RULING IN PART. As stated above and on the record, the Government has agreed to make various redactions to transcripts and recordings of conversations between Defendant and government agents. During the hearing, this Court also ordered the Government make further redactions to these transcripts

PAGE 6 – ORDER

and recordings where the probative value of the statements is substantially outweighed by unfair prejudice under Fed. R. Evid. 403. The following exhibits are preadmitted by this Court: 1, 2, 3, 4, 5, 6, 9, 10, 11, 23, 24, 114, and 115. This Court RESERVES RULING on the remaining exhibits to be offered at trial.

**D. Jury Instructions**

This Court will make modifications to the parties' proposed instructions as stated on the record. This Court RESERVED RULING as to Defendant's proposed inclusion of a third element to the offense charged in Count One of the indictment.

**E. Defendant's Motion for Henthorn Disclosures**

As stated on the record, Defendant's Motion for Henthorn Disclosures is DENIED.

**F. Defendant's Motion for Voir Dire by Counsel**

GRANTED. This Court will offer each party fifteen (15) minutes to conduct limited voir dire of potential jurors.

## CONCLUSION

For the reasons set forth on the record at the pretrial conference and above, the parties' pending motions in limine, ECF 61; ECF 77; ECF 88; ECF 90, Defendant's Motion for Henthorn Disclosures, ECF 76, and Defendant's Motion for Voir Dire by Counsel, ECF 73 are GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 16th day of August 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER